UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cr-00134-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| KENNETH MARQUISE RUFF, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 3109). Defendant filed the motion pro se, and the Government has responded in opposition to the motion. (Doc. No. 3200). For the reasons below, the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 3109).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and—in summary fashion—argues extraordinary and compelling reasons support his request to reduce his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3. Here, it is undisputed that Defendant has exhausted his administrative remedies. The Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and, if so, consideration of the relevant § 3553(a) factors.

1

After reviewing the record, the Court concludes that Defendant's pleadings and evidence fail to demonstrate extraordinary and compelling reasons to warrant a reduction. See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)). Defendant agues his chronic medical conditions, along with his previous exposure to COVID-19 and the continued risk to contracting the virus, constitute "extraordinary or compelling reasons" to reduce his sentence. Notably, Defendant has failed to provide the Court *any* medical records to support his apparent diagnoses.

Remarkably, despite his professed fears relating to contracting COVID-19 while incarcerated, Defendant refused the Pfizer COVID-19 vaccine offered by the Bureau of Prisons on April 20, 2021. (Doc. No. 3200, p. 1). In so doing, Defendant declined the opportunity to reduce his risk of exposure to COVID-19 dramatically.[1] He cannot reasonably expect that prolonging his risk of COVID-19 exposure by declining vaccination will be rewarded with a sentence reduction. Indeed, courts around the country "have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." United States v. Baeza-Vargas, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021) (collecting cases); followed by United States v. Newell, No. 1:13-CR-165-1, 2021 WL 3269650, at *11 (M.D.N.C. July 30, 2021); United States v. McDonald, No. 3:16-CR-00218-FDW, 2021 WL 2941554, at *3 (W.D.N.C. July 12, 2021). If Defendant were to receive the vaccine, it would substantially mitigate his risk of COVID-19 infection and likely eliminate the basis for his compassionate

---

[1] The Centers for Disease Control and Prevention have evaluated the "Delta Variant" of COVID-19, and they explain that the Moderna and Pfizer vaccines available to Defendant remain "effective." Centers for Disease Control and Prevention, Benefits of Getting a COVID-19 Vaccine, (Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. Furthermore, "Vaccines continue to be highly effective at preventing hospitalization and death, including against this [Delta] variant." Id.

2

release motion. "Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release . . . . Any decision to the contrary would create a perverse incentive in favor of declining the vaccine, undermining the BOP's efforts to protect its incarcerated population and to allow prison operations to return to some degree of normalcy in the coming months." United States v. Ayres, SAG-04-004, 2021 WL 2352322, at *2 (D. Md. June 9, 2021) (collecting cases); see also United States v. Gonzalez Zambrano, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment, the Court finds that it would be inappropriate to reward [his] refusal to protect [himself] by granting [his] release. It would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them."). Moreover, as Defendant's motion indicates, he has already been exposed to the virus during his incarceration, and he was successfully quarantined, monitored, and treated. Accordingly, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus.

     Finally, the Court concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the COVID-19 pandemic, and the conditions of his confinement within the Bureau of Prisons' system warrants a sentence reduction under § 3582(c)(1)(A)(i). The bulk of Defendant's pro se motion refers to the conditions at his previous place of incarceration—USP Lee. Since the filing of his motion, however, he has been transferred to the Alston Wilkes Society Residential Reentry Center in Columbia, South Carolina, thus mooting Defendant's concerns about his prior facility. Notably,

Defendant is projected to be released from the custody of the Bureau of Prisons in just a few months on December 2, 2021.  (Doc. No. 3200, p. 1 n.1).

Because Defendant cannot show extraordinary and compelling reasons to support a sentence reduction,[2] the Court need not conduct the second step of the inquiry to consider the relevant 18 U.S.C. § 3553(a) sentencing factors.  18 U.S.C. § 3582(c)(1)(A).

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court DENIES Defendant's Motion for Compassionate Release (Doc. No. 3109).

IT IS SO ORDERED.

Signed: September 21, 2021

Frank D. Whitney
United States District Judge

---

[2] The Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion.  United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).